IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD L. WILSON<br>19415 Meadowlark Lane<br>Warrensville Heights, Ohio 44128<br><br>and<br><br>MARTHA WILSON<br>19415 Meadowlark Lane<br>Warrensville Heights, Ohio 44128<br><br>      Plaintiffs,<br><br>vs.<br><br>REAL TIME RESOLTUIONS<br>1349 Empire Central Drive., Suite 150<br>Dallas TX 75373<br><br>      Defendant. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT: UNLAWFUL DEBT COLLECTION PRACTICES, INVASION OF PRIVACY**<br><br>**JURY DEMAND ENDORSED HEREON** |

## I. JURISDICTION

1. This Court has jurisdiction under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, and pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

## II. INTRODUCTION

2. This action challenges unfair and deceptive collection practices and seeks statutory remedies pursuant to the FDCPA, 15 U.S.C. § 1692k, *et seq.*, and common law invasion of privacy.

## III. PARTIES

3. Plaintiff Richard L. Wilson ("Mr. Wilson") is a person residing in Cuyahoga County Ohio.

4. Plaintiff Martha Wilson ("Ms. Wilson") is a person residing in Cuyahoga County Ohio.

5. Plaintiff Richard L. Wilson and Plaintiff Martha Wilson are collectively "Plaintiffs."

6. Defendant Real Time Resolutions ("Defendant") is a debt collector whose office is located in the State of Texas and is a debt collector as defined in 15 U.S.C. § 1692a(4).

7. At all times relevant herein, Defendant was attempting to collect a consumer debt allegedly arising out of a consumer note and mortgage that were extinguished as a matter of law.

## IV. STATEMENT OF THE FACTS

8. In *First Union National Bank v. Richard L. Wilson and Martha Wilson*, Cuyahoga County Court of Common Pleas Nos. 467385 and 532839. On October 26, 2005, the trial court ordered rescission of the consumer transaction under the Truth-In-Lending Act and the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1635 and 1639.

9. The case was appealed to the Ohio Eighth District Court of Appeals, and on January 17, 2008, the lower court's ruling was affirmed. See *First Union National Bank v. Richard L. Wilson, et al.*, Case No. 89284, 2007 WL 4241122 (8th Dist. 2007). Thus, Plaintiffs were not obligated under the note and mortgage since October 26, 2005.

10. On or about March 21, 2011, the Wilsons filed a Complaint asserting various claims relating to collection activities of a debt collector and its attorneys in United States District Court for the Northern District of Ohio, Eastern Division, because

2

the debt collector and its attorneys tried to collect on the note and mortgage that was rescinded on October 26, 2005. See *Richard L. Wilson, et al. v. The Law Offices of John D. Clunk Co., L.P.A.*, Case no. 1:11-cv-00576. The case was subsequently resolved.

11. On July 21, 2014, Defendant sent Plaintiffs a communication under the FDCPA claiming that Plaintiffs owed the amount of $109,165.79 on the note and mortgage. See Exhibit A, attached hereto.

12. Defendant's actions and inactions were wanton, willful, and/or in reckless disregard of Plaintiffs' rights.

13. As a result of Defendant's actions and inactions, Plaintiffs suffered headaches, embarrassment, anxiety, fear, mental anguish/emotional distress, loss of sleep, humiliation, worry, outrage, and anger.

## V. **FIRST CLAIM FOR RELIEF (FDCPA)**

21. Plaintiffs reallege and incorporate all of the above allegations.

22. Defendant violated Plaintiffs' rights under the FDCPA in various ways, including, but not limited to:

    a. Falsely representing the character, amount or legal status of the debt in violation of 15 U.S.C. § 1692e.

    b. Engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiffs in violation of 15 U.S.C. § 1692d.

    c. Using false, deceptive, and/or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e.

    d. Engaging in unfair or unconscionable means to collect or attempt to collect debts 15 U.S.C. § 1692f.

23. As a result of Defendant's actions and inactions, Plaintiffs are entitled to monetary relief pursuant to 15 U.S.C. §1692k(a).

## VI. SECOND CLAIM FOR RELIEF (INVASION OF PRIVACY)

24. Plaintiffs reallege and incorporate all of the above allegations.

25. Defendant's actions and inactions constitute a violation of common law invasion of privacy. *See, Housh v. Pleth*, 156 Ohio St. 35 (1956).

26. Defendant's actions and inactions were intentional, wanton, and/or in reckless disregard for Plaintiffs' rights.

27. As a result of Defendant's actions and inactions, Plaintiffs are entitled to actual and punitive damages based upon common law invasion of privacy.

## VII. DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendant for:

- A) Monetary relief pursuant to 15 U.S.C. §1692k(a);
- B) Actual damages for invasion of privacy;
- C) Punitive damages;
- D) Reasonable attorneys' fees as provided pursuant to 15 U.S.C. § 1692k(a)(3);
- E) Costs of this action; and
- F) Such other relief as this Court finds just and necessary.

*/s/ Edward A. Icove*

Edward A. Icove (0019646)
Harold L. Williams (0022238)
Icove Legal Group, Ltd.
Terminal Tower, Suite 627
50 Public Square
Cleveland, Ohio 44113
Phone (216) 802-0000; fax (216) 802-0002
ed@icovelegal.com
harold@icovelegal.com
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs demand a trial by jury in this case.

_____
Edward A. Icove (0019646)
Attorney for Plaintiffs